UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALFREDO S. GARCIA, MELISSA A. GARCIA,

 *Plaintiffs*,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

 *Defendant*.

Case No. SA-23-CV-01300-JKP

## MEMORANDUM OPINION AND SHOW CAUSE ORDER

Before the Court is Defendant Mortgage Electronic Registration Systems' Motion to Dismiss for Failure to State a Claim. *ECF No. 8*. Plaintiffs Alfredo Garcia and Melissa Garcia (Garcias), who are represented by counsel, did not respond. Upon consideration, the Court concludes the Motion to Dismiss shall be DISMISSED subject to re-filing.

**Factual Background**

In their Petition filed in state court and an affidavit attached thereto, the Garcia's attest they became subject to a series of unfortunate events that created severe financial strain: in early 2022, Alfredo Garcia became ill with Pancreatis which prevented him from working for an extended time; shortly after his diagnosis, Alfredo's mother was diagnosed with breast cancer, and the Garcias funded her medical bills; several months later, Alfredo's father was diagnosed with liver cancer, and the Garcias funded those medical bills; the same month, Melissa Garcia became ill with ulcerative colitis. These events caused the Garcias to be unable to work consistently and caused severe financial strain, at which time they missed payments on their mortgage loan. The

Garcias attest that in 2023, they made efforts to catch up on this note by contacting their mortgage servicer and after this communication, began the process of submitting a loan modification application. The Garcias attest they submitted the loan modification application in August 2023; however, during the process, the Garcias were told the application materials were not received, and the mortgage servicer accelerated the note and posted the property for non-judicial foreclosure on October 3, 2023. The Garcias attest they fully complied with all the requirements and requests during the loan modification process and were surprised their materials were not received. The Garcias attest they intend to stay in their home and re-submit the loan modification application to the satisfaction of the mortgage servicer. The Garcias attest they understand they must incur consequences for falling behind on their mortgage but would be able to rectify the situation if given the opportunity.

The Garcias filed suit against MERS in state court to stop the impending foreclosure. At the time of the filing, the Garcias attest they were roughly $8,000 in arrears on their mortgage. In this action, the Garcias assert a single cause of action for breach of contract and seek injunctive relief in the form of a temporary restraining order, temporary injunction, and permanent injunction. The Garcias allege MERS accepted their performance of running behind on the mortgage, and MERS breached the modified course of conduct by posting the property for foreclosure sale. As admitted by MERS and shown by documentation attached to the Notice of Removal, the Garcias obtained an ex parte temporary restraining order on October 2, 2023, barring MERS and HSBC Bank from foreclosing the property during the pendency of the lawsuit. MERS removed the action to this Court and filed this Motion to Dismiss.

## Legal Standard

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is

limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint and these documents, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

In this Motion, MERS contends it is not the proper party to be sued. MERS argues the Garcias failed to sue the lender or servicer, and instead sued MERS, "the beneficiary of the Deed of Trust." MERS admits "[p]er the Deed of Trust, MERS acts 'solely as nominee for the Lender and Lender's successors and assigns,' and is a beneficiary under the Deed of Trust." MERS admits, acting as nominee of Fieldstone Mortgage, it assigned the lien under the Deed of Trust "to HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-1 ("HSBC Bank" or "Lender" herein), with MERS as beneficiary." MERS states it "is not the lender, servicer, trustee or substitute trustee, and is not attempting to

foreclose on Plaintiffs' Property. Accordingly, [the Garcias] fail to state a claim because they sued the incorrect entity." MERS does remain the nominee.

Review of the subject Deed of Trust reveals MERS's contentions may be inaccurate. The Deed of Trust reflects the Garcias as "borrowers" and Fieldstone Mortgage Company as "lender." The Deed of Trust states, "MERS (as nominee for Lender and Lenders successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Instrument." *ECF No. 9, p., 6*. Thus, it appears that when MERS executed a Transfer of Lien as nominee for Fieldstone Mortgage Company to HSBC Bank, it retained its designation as nominee, and thereby, its right to foreclose on the property and perhaps a right to modify the loan terms.

Review of the docket reveals MERS filed this Motion to Dismiss in compliance with the Court's Standing Order, however, it did not give the Garcias full indication of the basis of its anticipated Motion to Dismiss or a full opportunity to replead the Original Petition to cure any alleged deficiency of suit against an improper party. *ECF Nos. 8,9*. If MERS contends it is not the proper party, the admitted facts reveal it may be. In any event, under these facts and circumstances, MERS is in a position to inform the Garcias of the proper party who they should sue, or may concede they are an improperly named party, but it holds an authoritative affiliation with the understood proper party.

## Conclusion

For these reasons, the Court DISMISSES MERS's Motion to Dismiss subject to re-filing. On or before January 5, 2024, MERS shall show cause by filing an advisory with this Court to state the proper party who should have been sued under these facts and circumstances, MERS's

4

affiliation with this entity, or proper party, and whether MERS may accept service on this entity's behalf as the nominee. MERS shall advise whether, as nominee, it is an authorized party to negotiate loan modification terms with the Garcias, and if not, who that proper authority is.

Within seven days of MERS's advisory and response to the Show Cause, the Garcia's counsel, Mr. Van Cleave, shall inform the Garcias of the filing of MERS's Motion to Dismiss, this Order of the Court, and MERS's response to this Court Order. Mr. Van Cleave shall inform the Garcias of their opportunity to file an Amended Complaint and shall inform this Court whether the Garcias intend to file an Amended Complaint upon MERS's advisory of the proper party to sue.

MERS shall remain a named party in this action unless proven that it is no longer a proper party. The state court's TRO shall remain in place and effective during the pendency of this action, and the property shall not be posted for foreclosure by any party.

It is so ORDERED.
SIGNED this 13th day of December, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE